IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

DEC 20 2021

MITCHELL R. ELFERS
CLERK OF COURT

UNITED STATES OF AMERICA,

Plaintiff,

v.   No. CR 19-3570 RB

BERENICE DE LA CRUZ-MARTINEZ,

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Ms. De La Cruz-Martinez's Motion for Compassionate Release, filed on August 30, 2021. (Doc. 38.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DISMISSED** in part and **DENIED** in part.

**I.  Background**

On October 8, 2019, Ms. De La Cruz-Martinez pled guilty to a two-count Information charging conspiracy to distribute 500 grams and more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (*See* Docs. 18; 21; 22.) On January 27, 2020, Senior United States District Judge Kathryn H. Vratil sentenced Ms. De La Cruz-Martinez to 63 months imprisonment. (Doc. 29.)

Ms. De La Cruz-Martinez has served approximately 30 months and with good-time credits, her anticipated release date is December 20, 2023. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 19, 2021). She now moves the Court, pursuant to 18 U.S.C.

§ 3582(c)(1)(A), to reduce her sentence. (Doc. 38.) She argues that extraordinary and compelling reasons warrant a sentence reduction because her five minor children are being inadequately cared for and she is the only available caregiver, and because she has health conditions that could cause serious illness if she contracts COVID-19. (*See id.* at 13–20.)

## II. Discussion

Ms. De La Cruz-Martinez seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Ms. De La Cruz-Martinez filed a request for compassionate release based on her health concerns with the warden of FCI Dublin on September 3, 2020, and the warden denied the request more than 30 days later, on October 13, 2020. (*See* Docs. 39-1 at 1–3.) She submitted a second request on December 14, 2020, and the warden has not responded. (*See id.* at 4.) Under these circumstances, the Government concedes that she has exhausted her administrative remedies. (*See* Doc. 39 at 2–3.)

Ms. De La Cruz-Martinez asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 38 at 13–14.) She argues that her medical conditions—severe obesity and asthma—put her at risk for severe illness from COVID-19. (*Id.*;

2

*see also* Doc. 38-A[1] at 56.) She also contends that her "family situation constitutes an extraordinary and compelling reason for release because her mother[,]" who has been caring for her children, is no longer able to adequately provide for them. (Doc. 38 at 19.) Thus, "Ms. De La Cruz-Martinez is the only adequate available caregiver." (*See id.*) The Government does not respond to the argument regarding Ms. De La Cruz-Martinez's children. (*See* Doc. 39.)

### A. Ms. De La Cruz-Martinez did not exhaust the issue of whether her family circumstances warrant compassionate release.

Ms. De La Cruz-Martinez has seven children, five of whom are minors. (*See* Doc. 38 at 3.) Through counsel, she asserts that her mother, who has hypertension and is elderly, lost her job while caring for Ms. De La Cruz-Martinez's children and is no longer able to adequately provide for them. (*See id.* at 3, 19.) The Sentencing Commission has defined "extraordinary and compelling reasons" in Application Note 1 to United States Sentencing Guidelines Section 1B1.13 to include, in relevant part, "[t]he death or incapacitation of the caregiver of the defendant's . . . minor children[,]" and other extraordinary and compelling reasons that exist but are not listed in the note. U.S. Sentencing Guidelines Manual § 1B1.13, app. 1(C)(i), (D). Ms. De La Cruz-Martinez asserts that she "is the only available caretaker for her minor children" due to her mother's health and unemployment. (Doc. 38 at 20.) She cites two out-of-district cases that have "expanded" what circumstances may warrant release: *United States v. Bucci*, 409 F. Supp. 3d 1 (D. Mass. 2019) and *United States v. Wooten*, No. 2:13-CR-18 (SRU), 2020 WL 6119321 (D. Conn. Oct. 16, 2020). She asserts that in both cases, the court released an inmate to care for an ailing relative—a mother in *Bucci*, and a sister in *Wooten*. (*See* Doc. 38 at 19–20.) The undersigned notes that in *Wooten*, however, the court found that the inmate's mother was still able to care for the sister, and thus his family circumstances *alone* did not present an extraordinary and compelling

---

[1] The Court cites to the CM/ECF pagination of Doc. 38-A, rather than to the exhibit's internal pagination.

3

reason for his release. *See id.* 2020 WL 6119321, at *8. The same is true here—Ms. De La Cruz-Martinez's mother is still caring for the children, albeit with health issues and without regular income from employment. (*See* Doc. 38 at 19–20.)

Yet, even if these cases were binding authority, the Court need not reach the issue. Ms. De La Cruz-Martinez did not seek compassionate release from the warden on this basis; thus, she failed to exhaust the issue. *See United States v. Zamarripa*, No. CR 18-2757 RB, 2020 WL 3035226, at *2 (D.N.M. June 5, 2020) (treating "Section 3582(c)(1)(A)'s exhaustion requirement as jurisdictional"). (*See also* Doc. 39-1 at 1–4.) "The exhaustion requirement is important because it protects administrative agency authority and promotes efficiency in adjudicating claims." *Shwayder v. Davis*, No. CIVA 08CV00124CMAKLM, 2009 WL 1683987, at *5 (D. Colo. June 15, 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). By not completing the administrative remedy process, [Ms. De La Cruz-Martinez] deprived the BOP of the opportunity to review" the issue of her family circumstances "and undermined the purposes of the exhaustion requirement." *See id.*

Even if she had exhausted, the Court would deny the motion on the record. Although Ms. De La Cruz-Martinez states through counsel that she is the only available caregiver, she submits no affidavits, letters, or other papers in support of her motion. Such support is necessary in exhausting a request under this Section. BOP Program Statement § 5050.50 provides a set of internal criteria in addressing prisoner requests for compassionate release. *See* BOP Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *see also United States v. Gutierrez*, No. CDR 05-0217 RB, 2019 WL 2422601, at *3 (D.N.M. June 10, 2019); *United States v. Jordan*, No. 3:16-CR-92-J-39PDB, 2020 WL 1640097, at *3 (M.D. Fla. Apr. 2, 2020) (examining BOP Program Statement 5050.50 § 3(b)). In reviewing a request for release due

4

to the death or incapacitation of a family member caregiver, an inmate must provide the warden with "[a] statement that this person was the **only** family member capable of caring for the inmate's child" and "[v]erifiable medical documentation of the incapacitation." BOP Program Statement § 5050.50(5)(a) (emphasis added). Ms. De La Cruz-Martinez did not provide either.

Further, had she properly raised this issue at her facility, the warden would have had an opportunity to consider several factors as listed in the BOP Program Statement that are relevant here. *See* § 5050.50(5)(b). These factors include whether the inmate had "drugs, drug paraphernalia, firearms, or other dangerous substances in the home while caring for the child prior to incarceration"; whether the inmate has maintained contact with children during incarceration; evidence regarding the inmate's parenting skills, including classes completed while in prison; and whether "the inmate ha[s] a detainer as a deportable alien to a country other than where the child resides[.]"[2] *See id.* The warden could have also requested "additional reliable documentation" relevant to a decision. *See id.* These factors are relevant here, and because of the failure to exhaust on this issue, there is insufficient evidence for the Court to make an informed decision. As she has not demonstrated exhaustion, the Court will dismiss her motion in part for lack of jurisdiction.

## B. The Court otherwise denies the motion.

Regarding the health issues, the Government does not dispute that Ms. De La Cruz-Martinez suffers from asthma and severe obesity and acknowledges "that an inmate who has not been offered a vaccine" and who has certain medical conditions may present extraordinary and compelling circumstances for compassionate release. (*See* Doc. 39 at 11.) Ms. De La Cruz-

---

[2] The parties agree that it is unclear whether Ms. De La Cruz-Martinez, who has an immigrant U visa, has a deportation hold. (*See* Docs. 38 at 22 n.3; 39 at 3 n.2.)

Martinez, with a body mass index (BMI) of 49,[3] has Class 3 or "severe" obesity. *See Adult Body Mass Index*, CDC, https://www.cdc.gov/obesity/adult/defining.html (last reviewed June 7, 2021). The Government contends, though, that Ms. De La Cruz-Martinez "receiv[es] medication for her conditions and is seen regularly at the health clinic." (Doc. 39 at 4.) "There is no indication that her activities of daily living have been hindered" or "that she is unable to care for herself." (*Id.*) More importantly, she has received both doses of the Moderna COVID-19 vaccine in 2021. (*Id.* at 4 (citing Doc. 38-A at 207).) Finally, FCI Dublin has 182 inmates[4] who have recovered from COVID-19 and currently has five positive inmate cases. *See* COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 19, 2021). The Government argues that under these circumstances, the risk presented from her obesity does not constitute extraordinary and compelling circumstances that qualify for potential release in the face of the pandemic. (Doc. 39 at 11–14.) The Court declines, however, to expressly make this determination, because other factors weigh against a sentence reduction.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

---

[3] The Court used Ms. De La Cruz-Martinez's height (61 inches) and most recent weight (260 lbs) to calculate a BMI of 49. *See Body Mass Index Table 2*, NIH, https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmi_tbl2.htm (last visited Dec. 19, 2021). (*See also* Doc. 38-A at 86, 193.)

[4] The Court notes some discrepancy with the numbers reported for FCI Dublin. The Government asserts that 207 inmates have recovered and cites the same website that the Court relied on to find that 182 inmates have recovered. (*See* Doc. 39 at 6.) The undersigned used this website recently and recorded that 197 inmates had recovered from COVID-19 at FCI Dublin. *See United States v. Lawrence*, No. CR 19-1181 RB, 2021 WL 4948192, at *2 (D.N.M. Oct. 25, 2021).

6

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

**IT IS ORDERED** that Ms. De La Cruz-Martinez's Motion for Compassionate Release (Doc. 38) is **DISMISSED** in part and **DENIED** in part as outlined in this opinion.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE